UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA BERUMEN,<br>Plaintiff,<br>v.<br>NISSAN NORTH AMERICA, INC.,<br>Defendant. | No. 2:26-cv-02089-DC-CSK<br><br><u>ORDER GRANTING MOTION TO REMAND</u><br>(Doc. No. 5) |

This matter is before the court on Plaintiff's motion to remand this case to the Sacramento County Superior Court. (Doc. No. 5.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 6.) For the reasons explained below, the court will grant Plaintiff's motion to remand.

**BACKGROUND**

On February 10, 2026, Plaintiff Alicia Berumen filed the complaint initiating this action in Sacramento County Superior Court against Defendant Nissan North America, Inc. (Doc. No. 1-1 at 3–4.)

In her complaint, Plaintiff alleges that on October 4, 2025, she purchased a 2025 Nissan Sentra ("the Subject Vehicle"), manufactured and/or distributed by Defendant. (*Id.* at 5.) Plaintiff alleges that after she took possession of the Subject Vehicle, it exhibited defects to its electrical system, which render the vehicle non-conforming with Defendant's express and implied

warranties. (*Id.*) Plaintiff delivered the Subject Vehicle to Defendant for repair or replacement, but Defendant failed to conform the Subject Vehicle to Defendant's express or implied warranties or to otherwise comply with its obligations under California's Song-Beverly Consumer Warranty Act. (*Id.* at 5–6.)

Plaintiff alleges three causes of action against Defendant, relating to Defendant's alleged violations of California's Song-Beverly Consumer Warranty Act. (*Id.* at 6–10.)

On February 10, 2026, Plaintiff filed the complaint initiating this action in the Sacramento County Superior Court against Defendant. (*Id.* at 5–6.) Defendant was served on February 11, 2026.[1] (Doc. No. 5-3.) On March 2, 2026, Defendant answered Plaintiff's complaint in the superior court. (Doc. No. 1–2.)

On June 5, 2026, Defendant filed a notice of removal removing the case to this court on the basis of diversity jurisdiction. (Doc. No. 1.)

Plaintiff filed the pending motion to remand on July 2, 2026. (Doc. No. 5.) On July 16, 2026, Defendant filed an opposition to the pending motion. (Doc. No. 7.) Plaintiff did not file a reply to Defendant's opposition and the time to do so has passed.

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Removal to federal court is proper when a case filed in state court poses a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The party removing the action has the burden of establishing grounds for federal jurisdiction by a preponderance of the evidence. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051,

[1] The court notes that Plaintiff's motion to remand and related declaration appear to state in error that Defendant was served with the complaint and summons on March 2, 2026. (Doc. Nos. 5 at 4; 1-1 at 2.) The proof of service of the complaint attached to the motion to remand shows that Defendant was served on February 11, 2026. (Doc. No. 1-3.) The court will consider February 11, 2026 the date of service on Defendant.

1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against jurisdiction. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A federal court must remand the case to state court if there is any doubt as to right of removal. *Id.*; *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## ANALYSIS

### A. Timeliness of Removal

Pursuant to 28 U.S.C. § 1446, there are two distinct 30-day periods during which a case may be removed to federal court. 28 U.S.C. § 1446(b). Specifically, a case may be removed: (1) within thirty days after the defendant's receipt of the initial pleading, or (2) within thirty days from when the defendant receives "an amended pleading, motion, order or other paper" that indicates a basis for removal that was not "affirmatively revealed" in the initial pleading. *Id.*; *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694–95 (9th Cir. 2005). Regarding the first period, the Ninth Circuit clarified that removability is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or duty to make a further inquiry." *Harris*, 425 F.3d at 694. Thus, if removability is unclear from the initial pleading, "the case is 'not removable' at that stage." *Id.* at 693. The second 30-day period is triggered when there occurs in a case "a change in the parties or other circumstances revealed in a newly-filed 'paper.'" *Id.* at 694.

1. Whether the Amount in Controversy is Determinable from the Complaint[2]

The amount in controversy includes "damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees awarded under fee shifting statutes." *Id.* (quoting *Gonzales v. CarMax*

[2] The court notes complete diversity is not disputed by either party. Plaintiff alleges she is a citizen of California, and Defendant confirmed it is a citizen of Delaware and Tennessee. (Doc. Nos. 1-1 at 4; 7 at 14.) Thus, the court finds complete diversity was plainly determinable from the complaint, which supports removability within the first 30-day period.

*Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). Conclusory allegations as to the amount in controversy are insufficient. *Id.* (citing *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017). In assessing the amount in controversy, the court may consider allegations in the complaint and in the notice of removal, as well as evidence submitted by the parties relevant to the amount in controversy. *Id.*

The parties disagree as to whether the complaint itself put Defendant on notice of the grounds for this case to be removed to federal court. In the motion to remand, Plaintiff states that Defendant's Notice of Removal includes a calculation of the amount in controversy that relied on "allegations already contained in the complaint." (Doc. No. 5 at 7.) Plaintiff therefore argues that Defendant was on notice of the removability of this case as of Defendant's receipt of the complaint, which alleges complete diversity and includes the Subject Vehicle's purchase price, Plaintiff's request for restitution, and Plaintiff's request for civil penalties in the amount of "up to two times her actual damages." (*Id.* at 5.) Plaintiff further argues the service of the complaint to Defendant, on February 13, 2026, constitutes a trigger for the second 30-day period of removal, such that Defendant's deadline for removal was March 13, 2026, which renders its removal on July 16, 2026 untimely. (*Id.*) Thus, Plaintiff contends that Defendant's removal is untimely under the first 30-day period of removal. (*Id.*)

In opposition, Defendant counters that the amount in controversy is indeterminable from the face of the complaint—the complaint does not allege the amount in controversy exceeds $75,000 and is not "unequivocally clear and certain" as to the amount in controversy. (Doc. No. 7 at 6.) Defendant further contends that because it removed this action based on information ascertained through Defendant's independent investigation, the thirty-day period for removability was not triggered at the time the complaint was served. (*Id.* at 9–14; Doc. No. 1 at 8–10.) The court finds Defendant's contention in this regard to be unsupported. Contrary to Defendant's argument, the standard of "unequivocally clear and certain" applies only to removability of an action when it is triggered by a subsequently served document. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021) ("Applying the 'unequivocally clear and certain' standard, an amended pleading, motion, order, or other paper must make a ground for removal unequivocally

clear and certain before the removal clock begins under the second pathway of § 1446(b)(3).") Instead, the first period of removal requires a complaint to "affirmatively" state the amount in controversy. *Harris*, 425 F.3d at 697.

Here, Plaintiff's complaint alleges specific monetary values in controversy. Plaintiff alleges that she paid $47,507.71 for the Subject Vehicle and that the first relevant repair was in "October 2025, with approximately 967 miles on the [Subject Vehicle's] odometer." (Doc. No. 1-1 at 5.) Further, Plaintiff's prayer for relief seeks a civil penalty "in the amount of two times Plaintiff's actual damages" and a "rescission of the purchase contract and restitution of all monies expended." (*Id.* at 11.) In its opposition to Plaintiff's motion to remand, Defendant contends the complaint is "indeterminate as to actual damages" and "omits essential information such as the value of required offsets, thereby providing no basis for calculating actual damages." (Doc. No. 7 at 12.) Despite this contention, Defendant does not explain what it learned in its "preliminary investigation" nor does Defendant provide the court with any further context to support its argument that the 30-day period for removal does not apply, such as details about when it obtained information that put it on notice of the action's removability and what that information included. (Doc. No. 1 at 2–6, 10); *cf. Lopez v. Gen. Motors, LLC*, No. 2:25-cv-06549-MWF-MAA, 2025 WL 2629545 (C.D. Cal. Sept. 11, 2025) (explaining that because the defendant "presented evidence" that information produced by the plaintiff was necessary for defendant to calculate actual damages, the deadline for removal was not triggered until those materials were received); *Brannon v. Jaguar Land Rover N. Am., LLC*, No. 2:24-cv-0256-DC-JDP, 2024 WL 4616149 (E.D. Cal. Oct. 30, 2024) at *3 (agreeing with the defendant's argument that "the second thirty-day period applie[d] because [the defendant] did not have adequate information to calculate the amount in controversy until it received a copy of the vehicle lease agreement on July 30, 2024, from the leasing dealer"). Further, despite arguing that the complaint provided "insufficient information to trigger any deadline" for removal, Defendant does not attach the Subject Vehicle's sales contract, repair history, or loan payment information to substantiate its contention that it was not able to calculate actual damages from the information in the complaint alone. (Doc. No. 1 at 10.)

As noted, Plaintiff alleges the price paid for the Subject Vehicle, "as reflected in the sales contract, is $47,507.71." (Doc. No. 1-1 at 5.) Plaintiff alleges the defects bringing rise to this action relate to the Subject Vehicle's electrical system, and she states the Subject Vehicle was "first presented" to Defendant for repair of that system within less than a month of its purchase in October 2025, with less than 1000 miles on the odometer. (*Id.*) Given the short time between Plaintiff's purchase of the Subject Vehicle and the alleged appearance of the vehicle's defects, Defendant could have reasonably ascertained that any mileage offset or deducted loan payments would be nominal, meaning that Plaintiff's actual damages would not be much less than the purchase price alleged in her complaint. As Plaintiff seeks both restitution of the full purchase price of the Subject Vehicle and civil penalties, based on the information alleged in the complaint, Defendant could reasonably conclude that a civil penalty of up to two times the purchase price of the Subject Vehicle could total up to $97,015.42, which would bring the total amount in controversy affirmatively alleged in the complaint up to $142,523.13. *See Midile v. Gen. Motors LLC*, No. 2:25-cv-03480-JAM-CKD, 2026 WL 1470626, at *3 (E.D. Cal. May 26, 2026); *Wario*, 2026 WL 2254353 at *3 (finding it proper to double the amount of actual damages to estimate civil penalties and including that number in the total amount in controversy).

The court does not suggest that Defendant is required to speculate as to the amount in controversy but rather finds unavailing Defendant's contention that Plaintiff's complaint provided "no basis" upon which to ascertain removability. (Doc. No. 7 at 12–13); *see Terrell v. Volkswagen Grp. of Am., Inc.*, No. 1:26-cv-02521-KES-CDB, 2026 WL 2268680 (E.D. Cal. Aug. 6, 2026) (granting remand due to untimely removal where a plaintiff's complaint included the purchase price of the vehicle, a request for civil penalties, and information relating to the mileage on the car at the first relevant repair, which was "sufficient for [defendant] to determine whether the amount in controversy was met"); *Loera v. Nissan N. Am., Inc.*, No. 2:26-cv-07745-CAS-AS, 2026 WL 2722523 (C.D. Cal. Sept. 14, 2026) (granting remand and noting "[c]ourts in [the Ninth Circuit] have repeatedly found that purchase price and civil penalties are sufficient for purposes of determining the amount in controversy for diversity jurisdiction").

Thus, Defendant has not persuaded the court that the complaint was indeterminate as to

the amount in controversy such that the 30-day removal period under section 28 U.S.C. § 1446(b)(1) does not apply. Because the thirty-day period to remove under section 1446(b)(1) was triggered by the service of Plaintiff's complaint on February 11, 2026, and Defendant did not remove until June 5, 2026, Defendant's removal was untimely.

Therefore, the court will grant Plaintiff's motion to remand.[3]

**CONCLUSION**

1. Plaintiff's motion to remand this case to the Sacramento County Superior Court (Doc. No. 5) is GRANTED;
2. This matter is remanded to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 26, 2026**

Dena Coggins
United States District Judge

[3] Because the court finds that Defendant's removal was untimely, it need not address the parties' arguments relating to calculation of the amount in controversy.